IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeanne Manning, as Personal Representative of the Estate of Letitia Johnson, deceased, | ) ) ) ) | C/A No.: 3:15-2658-MGL-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| City of Columbia and City of Columbia Police Department, | ) ) ) | |
| Defendants. | ) ) ) | |

Jeanne Manning, as Personal Representative of the Estate of Letitia Johnson, deceased, ("Plaintiff"), appearing *pro se*, filed this complaint asserting negligence and wrongful death claims against the City of Columbia and its Police Department ("Defendants"). [ECF No. 1-1]. Plaintiff originally filed this complaint, on behalf of the Estate of Letitia Johnson, in the Richland County Court of Common Pleas, and Defendants subsequently removed the action to this court. [ECF No. 1].

Although individuals may represent themselves *pro se* in federal court, Plaintiff in this action is styled "Jeanne Manning, as Personal Representative of the Estate of Letitia Johnson, deceased." Under federal law, "a person ordinarily may not appear *pro se* in the cause of another person or entity." *See Pridgen v. Andresen,* 113 F.3d 391, 392–93 (2d Cir. 1997) (holding *pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"), where the court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the

court." *See also Estate of Kerner v. United States*, 895 F.2d 1159, 1162 & n. 3 (7th Cir. 1990) ("'the plaintiff *generally* must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties.'" (emphasis added)).

There are some exceptions to the rule that *pro se* litigants cannot generally represent third parties in a lawsuit. One such exception appears to be estate executors where there are no creditors or other beneficiaries. The Fourth Circuit in an unpublished decision noted the holdings of the Second Circuit in *Pridgen* and the Sixth Circuit in *Shepherd v. Wellman,* 313 F.3d 963, 970–971 (6th Cir. 2002), which held "that the personal representative of an estate cannot represent the estate *pro se* if there are other beneficiaries or creditors involved." *See Witherspoon v. Jeffords Agency, Inc.,* 88 F. App'x 659 (4th Cir. 2004) (remanding for further proceedings to ascertain whether plaintiff was beneficiary of estate, or whether there were any creditors or other interested parties involved).

Plaintiff indicates she was appointed personal representative of the Estate of Letitia Johnson by the Richland County Probate Court, but she has not provided any information concerning the estate's beneficiaries or creditors. [ECF No. 1-1 at 2]. Accordingly, to determine whether Jeanne Manning can appear on behalf of the estate of Letitia Johnson, *pro se*, the undersigned directed Jeanne Manning to answer special interrogatories addressing this issue. *See* Order filed August 3, 2015 [ECF No. 11]. However, notwithstanding the specific instructions as set forth in that order, Jeanne Manning failed to respond to the court's special interrogatories or to otherwise respond.

In light of the fact that Jeanne Manning is not represented by counsel, Plaintiff is hereby placed on notice that unless she shows good cause to the court by September 24, 2015, for her failure to respond to the court's special interrogatories and address her standing to bring the instant action, the undersigned will recommend Plaintiff's action be dismissed without prejudice for failure to show standing. Plaintiff's failure to respond in writing will result in a recommendation of dismissal without prejudice of this action.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 10, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge