IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeanne Manning, as Personal Representative of the Estate of Letitia Johnson, deceased,<br><br>     Plaintiff,<br><br>vs.<br><br>City of Columbia and City of Columbia Police Department,<br><br>     Defendants. | C/A No.: 3:15-2658-MGL-SVH<br><br><br><br>REPORT AND RECOMMENDATION |

Jeanne Manning, as Personal Representative of the Estate of Letitia Johnson, deceased, ("Plaintiff"), appearing *pro se*, filed this complaint asserting negligence and wrongful death claims against the City of Columbia and its Police Department ("Defendants"). [ECF No. 1-1]. Plaintiff originally filed this complaint on behalf of the Estate of Letitia Johnson in the Richland County Court of Common Pleas, and Defendants subsequently removed the action to this court. [ECF No. 1].

Although individuals may represent themselves *pro se* in federal court, Plaintiff in this action is styled "Jeanne Manning, as Personal Representative of the Estate of Letitia Johnson, deceased." Under federal law, "a person ordinarily may not appear *pro se* in the cause of another person or entity." *See Pridgen v. Andresen,* 113 F.3d 391, 392–93 (2d Cir. 1997) (holding *pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"), where the court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court." *See also Estate of Kerner v. United States*, 895 F.2d 1159, 1162 & n. 3 (7th Cir.

1990) ("'the plaintiff *generally* must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties.'" (emphasis added)).

There are some exceptions to the rule that *pro se* litigants cannot generally represent third parties in a lawsuit. One such exception appears to be estate executors where there are no creditors or other beneficiaries. The Fourth Circuit in an unpublished decision noted the holdings of the Second Circuit in *Pridgen* and the Sixth Circuit in *Shepherd v. Wellman,* 313 F.3d 963, 970–971 (6th Cir. 2002), which held "that the personal representative of an estate cannot represent the estate *pro se* if there are other beneficiaries or creditors involved." *See Witherspoon v. Jeffords Agency, Inc.,* 88 F. App'x 659 (4th Cir. 2004) (remanding for further proceedings to ascertain whether plaintiff was beneficiary of estate, or whether there were any creditors or other interested parties involved).

Plaintiff indicates she was appointed personal representative of the Estate of Letitia Johnson by the Richland County Probate Court, but she has not provided any information concerning the estate's beneficiaries or creditors. [ECF No. 1-1 at 2]. Accordingly, to determine whether Jeanne Manning can appear on behalf of the estate of Letitia Johnson, *pro se*, the undersigned directed Jeanne Manning to answer special interrogatories addressing this issue. *See* Order filed August 3, 2015 [ECF No. 11]. Notwithstanding the specific instructions as set forth in that order, Jeanne Manning failed to respond to the court's special interrogatories or to otherwise respond.

On September 10, 2015, the undersigned advised Plaintiff that, unless she showed

2

good cause to the court by September 24, 2015, for her failure to respond to the court's special interrogatories and address her standing to bring the instant action, the undersigned would recommend her action be dismissed without prejudice for failure to show standing. [ECF No. 16]. On September 23, 2015, the undersigned granted Plaintiff's request for an extension until October 26, 2015, to respond to the order. [ECF No. 19]. On October 29, 2015, Plaintiff filed a letter restating many of the allegations of the complaint and adding additional allegations. However, the letter did not address the court's special interrogatories or Plaintiff's standing to bring this action. [ECF No. 21].

Based on the foregoing, it is recommended that this action be dismissed with prejudice, because the court lacks subject matter jurisdiction if Plaintiff cannot show she has standing to bring suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"); *see also Allen v. Wright*, 468 U.S. 737, 751 (1984) (finding that standing is a necessary core component of subject matter jurisdiction). If Plaintiff responds to court's special interrogatories and addresses her standing to bring this action within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling. If, however, Plaintiff fails to adequately respond, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

    IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 2, 2015                            Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).